FILED
2020 May-14  PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MACKESE WALKER SPEIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-00816-MHH-GMB |
| | ) | |
| P. BRADLEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Mackese Walker Speight. Doc. 1. The petition was referred to an undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) for preliminary review. After careful consideration of the parties' submissions, the applicable law, and the record as a whole, the court RECOMMENDS that the petition be DISMISSED for lack of jurisdiction.

## I.  PROCEDURAL HISTORY

On February 9, 2007, Speight plead guilty to one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, three counts of carjacking in violation of 18 U.S.C. § 2119, and three counts of using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1). Detailed below are her attempts to attack her resulting sentence of 819 months of imprisonment.

## A.    Direct Review

After pleading guilty, Speight was sentenced to 819 months of imprisonment on May 24, 2007.  Of this sentence, 684 months were the result of mandatory sentences imposed for the three § 924(c) offenses.  Speight did not file a direct appeal. *Speight v. United States*, Case No. 2:08-cv-08016-RDP-TMP (N.D. Ala.), Doc. 25 at 8–9 (28 U.S.C. § 2255 motion); *see also United States v. Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 69 at 1.[1]

However, on May 22, 2008, Speight filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel with respect to the guilty plea and the failure to appeal. *Speight*, Case No. 2:08-cv-08016-RDP-TMP (N.D. Ala.), Doc. 25 at 4 (28 U.S.C. § 2255 motion).  The district court denied the motion, but on July 19, 2011 the Eleventh Circuit Court of Appeals reversed the denial and held that Speight was entitled to pursue an out-of-time appeal. *Speight*, Case No. 2:08-cv-08016-RDP-TMP (N.D. Ala.), Docs. 15, 16 & 25 at 8–9.

Consequently, on September 13, 2011, the district court vacated and then re-imposed the original 819 month sentence and notified Speight that she had 14 days to appeal the sentence if she believed its imposition violated the law. *Speight*, Case No. 2:08-cv-08016-RDP-TMP (N.D. Ala.), Doc. 27.  Speight appealed this sentence,

---

[1] In preparing this report and recommendation, the court takes judicial notice of reported cases pertaining to petitioner's conviction and post-conviction proceedings. *See* Fed. R. Evid. 201.

and on April 16, 2012 the Eleventh Circuit denied her appeal in an unpublished opinion, finding that her pleas were knowingly and voluntarily given and that the plea colloquy satisfied the requirements of Federal Rule of Criminal Procedure 11. *United States v. Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 94.  The court found no abuse of discretion in the imposition of Speight's 819-month sentence based on the lack of procedural defects and the substantive reasonableness of the sentence. *Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 94.  The court also found that Speight's sentence was constitutional because it was not grossly disproportionate to the offenses committed. *Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 94.  On June 4, 2012, the United States Supreme Court denied Speight's petition for writ of certiorari. Doc. 1-1 at 14.

**B.      First § 2255 Motion After Re-imposition of Sentence**

On June 7, 2013, Speight filed her first § 2255 motion to vacate her re-imposed sentence. *See Speight v. United States*, Case No. 2:13-cv-08019-RDP, Doc. 1 ("*Speight I*").  She claimed the district court functionally denied her right to counsel when it "essentially compelled her to enter a guilty plea with the representation of ineffective counsel." *Speight I*, Case No. 2:13-cv-08019-RDP, Doc. 1 at 4 & 7–9.  She further claimed ineffective assistance of appellate counsel for failure to raise this issue on appeal. *Speight I*, Case No. 2:13-cv-08019-RDP, Doc. 1 at 4 & 7–9.  In an addendum, Speight further claimed that the "enhancements"

which increased her sentence were the functional equivalent of an element of the offense such that the Sixth Amendment requires them to be presented to a jury. *Speight I*, Case No. 2:13-cv-08019-RDP, Doc. 3 at 1–3 (citing *Alleyne v. United States*, 570 U.S. 99 (2013)).  On July 14, 2014, the district court denied the petition, finding that Speight's abuse-of-discretion claim was not cognizable in a § 2255 petition; that the abuse of discretion claim was procedurally defaulted; and that the remaining claims were procedurally defaulted or meritless. *Speight I*, Case No. 2:13-cv-08019-RDP, Docs. 9 & 10.  Speight did not appeal.

## C.    Second § 2255 Motion After Re-imposition of Sentence

On May 1, 2016, Speight filed her Motion Seeking Reduction Based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) and pursuant to 28 U.S.C. § 2255. *United States v. Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 101.  That case and motion remain pending.

## D.    Current Petition

Speight filed the instant habeas action on May 29, 2018, utilizing the court's form petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.  She claims her "§ 924(c) conviction and her sentence" should be vacated based on a previously unavailable and "new interpretation of statutory law" by the Supreme Court. Doc. 1 at 6–9 (citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015)).  In reliance on *Dean v. United States*, 137 S. Ct.

1170 (2017), she also claims that the district court erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences she would receive under § 924(c). Doc. 1 at 7.  Finally, she alleges that "[t]he savings clause makes § 2241 available to a prisoner whose first § 2255 motion was inadequate or ineffective to test the legality of his detention." Doc. 1-1 at 16 (citing 28 U.S.C. § 2255(e)) (internal quotation marks omitted).

The court ordered Respondent to show cause why the relief requested in the petition should not be granted. Doc. 3.  In response, Respondent filed an answer asserting that the petition is due to be dismissed for lack of jurisdiction. Doc. 5 (citing *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013), for the proposition that the applicability of the savings clause is a threshold issue, and therefore a district court may not reach the merits of a § 2241 petition unless it first has jurisdiction to entertain it).  The magistrate judge then advised the parties that Respondent's answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases, and granted Speight 20 days from the entry date of the order to file a response. Doc. 6.  Speight filed her response on September 4, 2018 (Doc. 7) and a "Citation of Additional New Authority" on August 6, 2019. Doc. 9 (citing *United States v. Davis*, 139 S. Ct 2319 (June 24, 2019)).  Respondent filed a response on August 23, 2019 (Doc. 10), and Speight filed a reply on December 27, 2019. Doc. 11.

**E.     Denial of Applications for Leave to File Successive § 2255 Motion**

While pursuing this § 2241 petition, on October 3, 2019 Speight filed an application for authorization to file a successive § 2255 motion in the Eleventh Circuit. *In Re Speight*, Case No. 19-13890, ECF Doc. 1.  In that application, Speight contended "that the rule announced in *United States v. Davis*, 139 S. Ct. 2319 (2019), applies to her 18 U.S.C. § 924(c) convictions, because it is unclear whether her § 924(c) convictions were based on § 924(c)(3)(B)'s residual clause." *United States v. Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 102 at 2. [2]   The Eleventh Circuit denied the application, holding that

> Speight cannot make a *prima facie* showing that her § 924(c) conviction and sentence is unconstitutional under *Davis*. *See, e.g.*, 28 U.S.C. § 2244(b)(3)(C); *Jordan*, 485 F.3d at 1357–58.  Specifically, the predicate offenses for Speight's § 924(c) convictions were carjacking, in violation of 18 U.S.C. § 2119.  We have already held that carjacking otherwise qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause, which remains valid even after *Davis*. *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016).  As such, Speight cannot show that the Supreme Court's invalidation of § 924(c)(3)(B) in *Davis* has any bearing on the constitutionality of her § 924(c) conviction and sentence.

[2] Notably, in setting forth Speight's prior postconviction efforts, the Eleventh Circuit commented that in 2018 Speight filed an unauthorized second § 2255 motion that was still pending in the district court, in which she "argu[es], in relevant part, that carjacking did not constitute a crime of violence under 18 U.S.C. § 924(c)(3)(B)'s residual clause, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)." *United States v. Speight*, Case No. 2:06-cr-00452-RDP-GMB, Doc. 102 at 2.  The court also stated that "the Supreme Court in *Davis* extended its holdings in *Johnson* and *Dimaya* to § 924(c) and held that § 924(c)(3)(B)'s residual clause, like the clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is constitutionally vague." Doc. 102 at 3.  Finally, the court reiterated that *Davis* was a new constitutional rule made retroactive to cases on collateral review. Doc. 102 at 3 (citing *In re Hammond*, 931 F.3d 1036-37 (11th Cir. 2019)).

Doc. 102 at 4.

Speight immediately filed a second application for leave to file a successive § 2255 motion based in part on *Davis*. On December 5, 2019, the Eleventh Circuit dismissed and denied the application. *In re Speight*, Case No 19-14430, Doc. 1.

## II.   DISCUSSION

To collaterally attack the legality of her sentence, a federal prisoner typically must file a motion to vacate under 28 U.S.C. § 2255 instead of a petition for a writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081, 1089 (11th Cir. 2017). But the "savings clause" of § 2255 provides an exception to the general rule. Section 2255 commands a prisoner to use it as a vehicle for a collateral attack, unless its saving clause permits a prisoner to file under § 2241. The savings clause provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Most critically, the Eleventh Circuit provides that "a motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan*, 851 F.3d at 1099.

Here, Speight does not sustain her burden of showing that § 2255 is an inadequate or ineffective method to remedy her claims. Indeed, she currently has a pending § 2255 motion based on *Johnson* and has twice tested her *Davis*, *Johnson*, and *Dimaya* claims in applications for leave to file successive § 2255 petitions, the latter process being available to test her claim pursuant to *Dean* as well. *See United States v. Friday*, Case No. 11-cr-00090-KD-N, 2018 WL 10455152 at * 2 (S.D. Ala. Feb. 22, 2018) (recognizing that petitioner's *Dean* claim was effectively an unauthorized second or successive § 2255 motion over which the district court lacked jurisdiction absent authorization by the Eleventh Circuit).

Additionally, neither Speight's lack of success in her successive-application pursuits nor the existence of bars to successive motions and statutes of limitation renders § 2255 an inadequate or ineffective mechanism for her current claim. *See Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (recognizing that "any 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*")).

Because § 2255 provides an adequate and effective remedy for Speight's claim, she does not qualify for the savings clause and, by extension, cannot maintain this § 2241 habeas petition. Accordingly, this petition for writ of habeas corpus is due to be dismissed for lack of jurisdiction.

## III.   RECOMMENDATION

Based on the foregoing, the magistrate judge RECOMMENDS the petition for a writ of habeas corpus be DISMISSED WITH PREJUDICE for lack of jurisdiction.

## IV.   NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting.  Objections also should specifically identify all claims contained in the petition that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.  An objecting party must serve a copy of its objections on each other party to this action.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order.  In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a district judge.

DONE and ORDERED on May 14, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE