UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MACKESE WALKER SPEIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-00816-MHH-GMB |
| ) | |
| P. BRADLEY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On May 14, 2020, Magistrate Judge Borden entered a report in which he recommended that the Court dismiss this 28 U.S.C. § 2241 petition for a writ of habeas corpus for lack of jurisdiction. (Doc. 13). On June 15, 2020, Ms. Speight filed objections to the report. (Doc. 17).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In her objections, Ms. Speight argues that the United States Court of Appeals for the Eleventh Circuit's decision in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*), does not eliminate the Court's ability to consider this § 2241 action. The Court disagrees.

In *McCarthan*, the Eleventh Circuit explained that § 2255(e), "[t]he saving clause," offers a federal prisoner "relief only when his 'remedy by motion is

1

inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255(e)." *McCarthan*, 851 F.3d at 1085. The Eleventh Circuit held that adverse circuit precedent does not prevent a criminal defendant from "test[ing] the legality of [her] detention" in a § 2255 motion to vacate because in a motion to vacate, a defendant may ask for reconsideration of the adverse authority. *McCarthan*, 851 F.3d at 1087. If a defendant could have challenged a sentencing enhancement in her § 2255 motion by asking the district court to revisit adverse authority concerning the enhancement, then the § 2255 motion was not inadequate or ineffective to test the legality of her detention. *McCarthan*, 851 F.3d at 1087.

Here, Ms. Speight, citing post-sentencing changes in the law, argues that the sentences on her convictions under 18 U.S.C. § 924(c) should not have been enhanced. (Doc. 7). Under *McCarthan*, Ms. Speight may not raise the argument in a § 2241 habeas petition because she could have argued for a change in the law regarding the enhancements as a means of sentence reduction in her § 2255 motion.

Therefore, the Court overrules Ms. Speight's objections and adopts the magistrate judge's report and recommendation. By separate order, the Court will dismiss this § 2241 action for lack of jurisdiction. In accordance with Rule 11 of the Rules Governing 2254 Proceedings, this Court will not issue a certificate of appealability. If she wishes to appeal, Ms. Speight must request a certificate from the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** this August 31, 2020.

                                        _____
                                        **MADELINE HUGHES HAIKALA**
                                        UNITED STATES DISTRICT JUDGE